IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Central Division

| | | |
|---|---|---|
| PATRICK ROMANO *et al.*, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 2:23-cv-04043-BCW |
| TORCH ELECTRONICS, LLC, *et al.*, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## JOINT PROPOSED SCHEDULING ORDER

The parties jointly propose that the Court enter a scheduling order stating the following:

**I.      Motions to amend pleadings or add parties.**

The deadline to add parties is June 16, 2023.

The deadline to amend pleadings is August 15, 2023.

**II.      Motion deadlines and schedules.**

**A.      Motion for class certification.**

Defendants' deadline for filing their opposition to the pending motion for class certification is extended to June 30, 2023.

**B.      Dispositive motions.**

The deadline to file dispositive motions is June 4, 2024.

1

### C. Motions to exclude evidence.

The deadline to file *Daubert* motions or other motions challenging expert witnesses or expert opinions is April 5, 2024.

The parties agree it would be helpful to set an initial April 19, 2024 deadline to file motions to exclude non-expert evidence. This initial deadline is intended to bring major evidentiary issues to the Court's attention early, in advance of the filing of dispositive motions, if any party wishes to do so early in the hopes of securing a ruling from the Court on such issues before the much later deadline set forth below for final pre-trial motions *in limine*. A party does not waive its right to object to or challenge the admissibility of any non-expert evidence by failing to file a motion *in limine* on or before this initial April 19, 2024 date. Rather, as addressed below, any party may raise any objections or challenges to any non-expert evidence by filing a motion *in limine* on or before the final pre-trial deadline for filing such motions, *i.e.*, the 15th day before the Final Pretrial Conference.

## III. Discovery plan.

The parties believe this case requires more than 180 days from the date of service on the last defendant served to complete discovery. The 180th day would be September 9, 2023. The extra time is need because this is a complex class action involving thousands of gaming devices, thousands of putative class members, and

potentially millions of transactions stored electronically. As noted below, the parties believe discovery should close March 15, 2024.

### A. Discovery limits.

The parties are limited to 15 depositions per side, excluding initial class-issue depositions discussed below.

Deposition subpoenas addressed to non-parties that are fully satisfied by the production of business records accompanied by a custodian of records affidavit will not count against this 15-deposition limit.

The limitation of 25 interrogatories per party on any other party applies, excluding the initial class-issue interrogatories discussed below.

### B. Initial disclosures and class discovery.

The parties will make their initial Rule 26 disclosures by June 16, 2023.

The parties may immediately engage in initial discovery focused solely on class issues. To that end, defendants may take the depositions of the named plaintiffs on class issues only, to be completed by June 16. These depositions will not count against defendants' total depositions. Defendants will be able to re-depose plaintiffs on non-class issues in the future.

Plaintiffs will send early interrogatories to defendants by June 16, 2023 to inquire solely about their ESI, what data is collected, how the data is analyzed, avail-

able report functions, etc. These interrogatories will not count against plaintiffs' total interrogatories.

### C.    Discovery cut-off.

Written discovery in the form of interrogatories, document requests, and requests for admissions will generally close November 1, 2023, except as provided below. Absolute discovery cut-off is March 15, 2024.

Deposition of fact witnesses will close January 12, 2024.

Following the close of fact-witness depositions, the parties may ask additional written discovery limited solely to new things learned in the fact-witness depositions. This additional discovery will close January 26, 2024.

Plaintiffs' expert witness reports are due no later than December 15, 2023. Defendants will complete their depositions of plaintiffs' expert witnesses by January 12, 2024. Defendants' expert witness reports are due no later than January 26, 2024. Plaintiffs will complete their depositions of defendants' expert witnesses by February 16, 2024. Plaintiffs' rebuttal expert witness reports are due no later than March 1, 2024. Defendants will complete their deposition of plaintiffs' rebuttal experts no later than March 15, 2024.

## IV.    Length of trial.

The parties anticipate that this jury trial will take two to three weeks.

4

## V.     Date of trial.

The parties believe that they will be ready for trial September 23, 2024.

## VI.     Contact with Court.

A party seeking a telephone conference for any purpose or information regarding practice in this Court may contact the Courtroom Deputy at "Tracy.Diefenbach@ mow.uscourts.gov" or (816) 512-5376.

## VII.     Discovery dispute procedure.

Should any discovery dispute arise, the parties are directed to comply with Local Rule 37.1. Absent full compliance with this rule, the Court will not entertain any discovery motion. A party seeking a telephone conference for discovery purposes will direct their inquiry to the Courtroom Deputy.

### A.     Position letter.

At least three (3) days before any discovery dispute conference or hearing, counsel for each party will submit a Position Letter by email to the Courtroom Deputy. All Position Letters will be kept confidential.

1.     The Position Letter must not exceed one (1) page and may not include any attachments or exhibits. The Position Letter is to be typed in 12-point Arial font and have one-inch margins.

5

2. The Position Letter must describe the underlying facts of the discovery dispute, the party's arguments relative to the dispute, and a discussion of the opposing party's anticipated arguments.

B. To ensure candor, the Position Letter is <u>not</u> to be filed with the Court nor shared with opposing counsel; rather, each letter is to be sent to the Courtroom Deputy by PDF email attachment.

## VIII.  Oral argument.

A party may request oral argument relative to a motion consistent with L.R. 7.0(e). The Court may grant such a request if the motion relates to the case's merits and the Court's calendar can accommodate a hearing. In the event the Court grants a request for oral argument, the Court strongly encourages the appearance of the attorneys who drafted the motion. As a matter of policy, the Court strongly encourages the participation of associate-level attorneys in all court proceedings, provided such appearances maintain the highest professional standards and are supervised by a more experienced attorney representing the same party.

## IX.  Motions for extension of time.

A motion for extension of time should be filed at least three (3) days before the deadline established by the Federal Rules of Civil Procedure or Local Rules. Any motion filed under Fed. R. Civ. P. 6, 31, 33, 34, 36 shall include:

A. the date the pleading, response, or other action is or was first due;

B.   the number of previous extensions and the date the last extension expires;

C.   the reason for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

D.   whether opposing counsel consents or objects to the requested extension. Note: lack of objection from opposing counsel is not binding on the Court.

## X.   Motions to exceed the page limit.

The Court does not commonly grant motions to exceed the page limit set forth in the L.R. 7.0. If a party believes it requires more than the allotted number of pages established by the Local Rule, the party should contact the Courtroom Deputy to request a telephone conference with the Court at least three (3) days before the filing deadline established by rule or Court order.

## XI.   Final pretrial conference preparation.

The final pretrial conference will include discussion of the disposition of any pending motion, any legal question requiring resolution before trial, the trial schedule and duration, voir dire procedure, the size of the jury panel, any special equipment, any suggestions to simplify or expedite the trial, and the status and likelihood of settlement.

A.   Each party will complete the following at least fifteen (15) business days before the Final Pretrial Conference:

7

1. File any motion in limine;

2. File and serve witness list; and

   a. Failure to list a witness may preclude that witness's testimony for any purpose other than unanticipated rebuttal or impeachment.

3. Serve deposition designations on the opposing party.

   a. An asserting party that intends to use any deposition at trial will identify and serve a designation by line and page number to the opposing party using a distinctive highlighting color.

B. Each party will complete the following at least seven (7) business days before the Final Pretrial Conference:

1. Serve counter deposition designations and objections on the asserting party. Counter-designations are to be identified by contrasting highlighting color. Objections to the asserting party's designations are to be identified by a third highlighting color.

C. Each party will complete the following at least three (3) business days before the Final Pretrial Conference:

1. Provide copies of the deposition designations, counter-designations, and objections to the Court printed, tabbed, and bound;

8

2.      File any response to a motion in limine;

3.      File a joint stipulation of uncontroverted facts;

      a.      If there are no stipulations, the parties will file a joint statement to that effect.

4.      File and serve a list of all exhibits which might be offered at trial;

      a.      Each exhibit is to be designated as "Plaintiff's" or "Defendant's," numbered with an Arabic numeral, and described. Each party will number their exhibits in chronological order. Each party's numbering scheme must be distinct from that of the opposing party, *i.e.*, Plaintiff's Exhibit 1; Defendant's Exhibit 501. If an exhibit is listed, it must be marked.

      b.      If an exhibit consists of more than one page or part, that should be noted in the description. It is not necessary to list exhibits that will be used only for impeachment or rebuttal purposes.

      c.      No exhibit will be received in evidence that is not listed by the counsel offering the exhibit, except by leave of Court for good cause shown or if the exhibit is used solely for pur-

poses of rebuttal (assuming foundational and other general requirements of admissibility have been established).

5.     File a stipulation listing those exhibits for which identity and authenticity is not contested; and

6.     Provide an exhibit index to the Courtroom Deputy on the form provided by the Clerk's Office.

**XII.**   **Jury trial preparation.**

Court convenes at 9:00 a.m. Counsel are to be in the courtroom each day of the trial not later than 8:30 a.m. The parties may expect morning, lunch, and afternoon breaks at appropriate times as determined by the Court.

A.     The parties will complete the following at least ten (10) business days before trial:

1.     Submit to the Courtroom Deputy by email <u>and file</u> a joint set of proposed jury instructions with annotations including:

a.     Proposed instructions will be in Word format, in 13-point Arial font, double-spaced with one-inch margins.

b.     Each proposed instruction will be separated by a "page-break".

c.     The authority on which the instruction is based;

10

> d.  Any alteration or deviation from the applicable pattern instruction, if any, including clear demarcation of the suggested change; and
>
> e.  Proposed language for filling in or removing any bracketed parenthetical in the text of the pattern instruction.

2.  File a Notice of Instruction Conference, certifying the parties' efforts to meet, confer, and draft the joint proposed jury instructtions and stating:

> a.  Which party objects to which instructions;
>
> b.  The legal basis for any objections;
>
> c.  The objecting parties' alternative instruction (on a separate page); and
>
> d.  Any other instruction either party would like included, not otherwise agreed; and

3.  File a list of proposed questions or topics counsel wants included in the *voir dire* examination to be conducted by the Court.

B.  At least five (5) business days before trial:

1.  A party seeking to do so may file a trial brief setting forth the factual and legal contentions upon which the party's case theory is based.

2. The parties will provide the Courtroom Deputy an agreed statement to be read to the jury panel before *voir dire*, stating the background of the case and the claims asserted.

3. A party with any objection to the opposing party's proposed *voir dire* questions or topics is to file an indication of that objection.

## XIII. Trial rules and procedure.

A. Counsel table – Only attorneys and participants sitting at counsel table at the beginning of *voir dire* will be permitted to sit at counsel table at any point throughout the trial.

B. Decorum – Except under extraordinary circumstances, counsel and others will stand as Court is opened, recessed, or adjourned; as the jury enters and retires from the courtroom; as he or she addresses the Court or is addressed by the Court; and as he or she examines a witness. (L.R. 83.3). Counsel will not lean into or otherwise encroach on the jury's space and will not place papers or his or her hands on the railing of the jury box. All counsel and parties appearing will be dressed appropriately. No food or drink is allowed in the courtroom, except for water in the cups provided.

C. Professionalism – Counsel will address all remarks, with the exception of witness examination, to the Court and not to opposing counsel, and

12

will avoid any disparaging remarks, especially those of a personal nature. Counsel will treat adverse witnesses and parties with fairness and consideration. No abusive language or offensive personal references will be tolerated. Visible physical reactions to witness's testimony, counsel's presentation, or Court rulings are inappropriate. Counsel will not converse among each other or with a client in a manner that may be overheard.

D.   Voir dire - The Court will conduct *voir dire* with reference to the parties' proposed questions and topics. Thereafter, counsel may be afforded an opportunity to pose follow-up or clarifying questions to the panel. After questioning, the panel will be excused and each side may move to strike for cause.

E.   Opening and Closing Statements - Absent good cause shown, any opening statement will not exceed thirty (30) minutes. The duration of closing arguments will be established during the jury instruction conference after the presentation of evidence. Instructions will be read to the jury before closing arguments.

F.   Objections - When making an objection, counsel should say only "objection," plus the legal reason for the objection (*e.g.*, leading, hearsay, etc.). If objecting counsel seeks to explain the objection or if opposing

13

counsel seeks to defend against the objection, counsel will request leave to approach the bench. Objections to evidence may only be made by counsel handling the witness. Objections during opening statements or closing arguments may only be made by counsel making the opening statement or closing argument.

G. Witness Testimony - Witness interrogation consists of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted, except by leave of Court in extraordinary circumstances.

   1. Only one counsel per side may examine a witness.

   2. Counsel must request permission from the Court before approaching a witness and only for a legitimate purpose. Once permission is granted, counsel may approach that witness again without requesting subsequent specific permission.

   3. Counsel may, but is not required to, use the podium provided when questioning a witness. If counsel declines to use the podium, a witness may be questioned only from a reasonable distance.

   4. After counsel questions an expert witness about his or her qualifications, counsel shall not ask the Court to declare the witness an expert.

14

5.   Witnesses will remain in the witness chair for the duration of his or her testimony, unless leave of Court is granted. To the extent necessary and appropriate, the Court may permit a witness to temporarily stand to reference an exhibit, but in general, a witness will not be permitted to testify while standing in front of the jury.

6.   Witnesses who will be testifying from exhibits or about exhibits will be expected to have reviewed them before their testimony so as to avoid the need for the witness to take Court time to review the exhibit.

7.   Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at the noon break, or at the end of the day.

H.   Exhibits – Any exhibits for which admission is sought must be marked and accurately reflected and described in the Exhibit Index.

1.   All exhibits used at trial as part of a party's presentation of evidence, regardless of whether the exhibit has been admitted, must remain available for use by other parties for the remainder of the trial.

15

2.     Exhibits will rarely be circulated to jurors. If counsel wants the jury to see an admitted exhibit during trial, such exhibit should be displayed in such a fashion that all jurors may view the exhibit at the same time (*e.g.*, by projector).

3.     After the jury retires to consider its verdict, counsel for each party will assemble all of their exhibits and keep them available.

4.     After the jury is dismissed, counsel for each party must take possession of his or her exhibits from the Courtroom Deputy and sign the receipt at the bottom of the Exhibit List.

     i.     Deliberations – Each juror will be provided with a copy of the jury instructions for use during deliberations. Counsel and the parties should remain in the courthouse and advise the Courtroom Deputy where they will be located while the jury is deliberating. After the jury returns its verdict, counsel should be prepared to indicate whether they would like the jury polled.

## XIV.   Protective order.

The parties are in agreement on a protective order. A copy of the proposed protective order is being filed with a separate motion.

Respectfully submitted,

JACOBSON PRESS P.C.

By:    /s/ Joe D. Jacobson
       Joe D. Jacobson, #33715 (MO)
       222 South Central Ave., Suite 550
       Clayton, Missouri 63105
       Tel: (314) 899-9789
       Direct: (314) 899-9790
       Fax: (314) 899-0282
       Jacobson@ArchCityLawyers.com

AMUNDSEN DAVIS LLC

Gene J. Brockland #32770 (MO)
Christopher O. Miller #70251 (MO)
120 S. Central Ave., Suite 700
Clayton, Missouri 63105
Tel: (314) 719-3700
Fax: (314) 719-3721
gbrockland@amundsendavislaw.com
comiller@amundsendavislaw.com

Attorneys for plaintiffs Patrick Romano,
Joshua Wilson, Krystal Christensen, Jeffrey
Cordaro, Carmen Weaver, Monica McGee,
and Mary Bolden


GRAVES GARRETT LLC
By:    /s/ J. Aaron Craig
       Todd P. Graves #41319 (MO)
       J. Aaron Craig #62041 (MO)
       1100 Main Street, Suite 2700
       Kansas City, MO 64105
       Tel: (816) 256-3181
       Fax: (816) 256-5958
       tgraves@gravesgarrett.com
       acraig@gravesgarrett.com

17

Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Warrenton Oil Company


MARGULIS GELFAND, LLC

By: /s/ Justin K. Gelfand
Justin K. Gelfand, #62265 (MO)
Ian T. Murphy, #68289 (MO)
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Tel: (314) 390-0234
Fax: (314) 485-2264
justin@margulisgelfand.com
ian@margulisgelfand.com

Counsel for Mohammed Almuttan and Mally, Inc.


FRANK, JUENGEL & RADEFELD ATTORNEYS AT LAW, P.C.

By: /s/ Matthew A. Radefeld
Matthew A. Radefeld, #52288 (MO)
7710 Carondelet Ave., Suite 350
Clayton, Missouri 63105
Tel: (314) 725-7777
mradefeld@fjrdefense.com

Attorney for Defendant Rami Almuttan


## CERTIFICATE OF SERVICE

Joe D. Jacobson, the filing attorney, certifies that on May 24, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.