# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| PATRICK ROMANO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:23-04043-CV-BCW |
| | ) |
| TORCH ELECTRONICS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Before the Court is the parties' joint motion for Protective Order. (Doc. #44). The Court, being duly advised of the premises, grants said motion pursuant to the following terms and modifications. IT IS HEREBY ORDERED as follows:

1. **Scope**. Materials and information produced during discovery, including but not limited to initial and supplemental disclosures, responses, answers to discovery requests, other formal methods of discovery, deposition testimony and exhibits, and information derived directly therefrom (collectively, "documents") concerning Confidential Information or Attorneys' Eyes Only Information (as defined below) are subject to this Protective Order.

2. **Confidential Information**. In this Protective Order, "Confidential Information" means information or documents designated as "CONFIDENTIAL" by the producing party. Information that is non-public in nature – the disclosure of which would be reasonably expected to subject a Party, person, or entity to disclosure of trade secrets, confidential business information, or undue injury or embarrassment – may be designated "CONFIDENTIAL." It may include, without limitation: (a) information protected or prohibited from public disclosure by law; (b) information that reveals competitive or proprietary business information or trade secrets, including without limitation:

confidential technical information, methods and practices, business and marketing strategies, non-public pricing information, and non-public customer or vendor information; (c) internal policies, procedures, analyses, or investigation that the designating Party has maintained as confidential; (d) communications made with an expectation of confidentiality or privacy; (e) financial information concerning any individual, entity, or institution; (f) personal identity information that is maintained as confidential; and (g) income tax returns.

3. **Attorneys' Eyes Only Information**. In this Protective Order, "Attorneys' Eyes Only Information" means Confidential Information that contains highly sensitive trade secrets or other highly sensitive competitive, confidential, or proprietary information, and disclosure to another person would result in demonstrable harm to the disclosing party.

4. **Designation**. A Party may designate as Confidential or Attorneys' Eyes Only Information any information of any type, kind, or character that the disclosing party in good faith believes warrants such designation. Such designation shall be made by conspicuously marking the document with the words "Confidential" or "Attorneys' Eyes Only." Any such designation shall apply to all copies, excerpts, abstracts, analyses, and summaries of the designated materials. Designations should be made as follows:

(a) **Documents**: A document may be designated as Confidential Information by affixing the word "CONFIDENTIAL" on the document (and all copies) in a manner that does not interfere with the document's legibility. A document may be designated as Attorneys' Eyes Only Information by affixing the term "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document (and all copies) in a manner that does not interfere with the document's legibility. "Copies" include electronic images, duplicates, extracts, summaries, or descriptions containing the Confidential Information and/or Attorneys' Eyes Only Information. The marking of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is to be applied prior to or at the time the docu-

ments are produced. Applying the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" marking to a document does not mean the document has any status or protection by statute or otherwise except for the purposes of this Protective Order.

    (b) **Deposition Testimony**: A party may designate deposition testimony, but not courtroom testimony, which is controlled by Local Rule 80.1, as Confidential Information or Attorneys' Eyes Only Information by advising opposing counsel in writing within 30 days after receipt of the deposition transcript (or another time agreed upon by the parties) of the pages and lines of the deposition containing Confidential Information or Attorneys' Eyes Only Information. Deposition transcripts shall be provisionally treated as Confidential Information (but not Attorneys' Eyes Only Information) until the expiration of 30 days after receipt of the transcript, unless otherwise agreed to by the parties. A party may, on the record at the deposition, designate deposition testimony as Confidential Information or Attorneys' Eyes Only Information by identifying what particular portion(s) of the deposition falls under the scope of this Protective Order.

  5. **Protection of Confidential Information**.

    (a) **General Protections**. Confidential Information may not be used or disclosed by the parties, their counsel, or persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

    (b) **Limited Non-Party Disclosures**. The parties and their counsel will not disclose or permit disclosure of Confidential Information to non-parties or others except as set forth below. Subject to these requirements, the following categories of persons may review Confidential Information:

      (1) Counsel for the parties and employees of counsel;

      (2) The parties, including their employees;

(3) The Court and its personnel, including any Special Master appointed by the Court or any court exercising appellate jurisdiction of this action, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Independent providers of document reproduction, electronic discovery, or other services retained in connection with this litigation but only after the individual executes Attachment A;

(6) Consultants, investigators, or experts employed by a party or the party's counsel to assist in preparation or trial of this action but only after the individual executes Attachment A;

(7) Potential, anticipated, or actual fact witnesses and their counsel, but only to the extent the Confidential Information will assist the witness in recalling facts or in testifying, and only after the person executes Attachment A. A witness shall not retain documents containing Confidential Information, except they may receive a copy of all exhibits marked at their depositions in connection with their review of the transcript;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Any mediator appointed by the Court or jointly selected by the parties; and

(10) Others by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel will retain the original of any executed Attachment A.

6. **Protection of Attorneys' Eyes Only Information**.

(a) **General Protections**. Attorneys' Eyes Only Information may not be used or disclosed by the parties, their counsel, or persons identified in subparagraph (b) for any purpose whatsoever other than for use in this litigation, including any appeal.

(b) **Limited Non-Party Disclosures**. The parties and their counsel will not disclose or permit disclosure of Attorneys' Eyes Only Information to a non-party or other except as set forth below. Subject to these requirements, the following categories of persons may review Attorneys' Eyes Only Information:

(1) Outside counsel for the parties and those employees of outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(2) The Court and its personnel, including any Special Master appointed by the Court or any court exercising appellate jurisdiction of this action;

(3) Court reporters, recorders, and videographers engaged for depositions;

(4) Independent providers of document reproduction, electronic discovery, or other services retained in connection with this litigation but only after the independent provider executes Attachment A;

(5) Consultants, investigators, or experts employed by a party or the party's counsel to assist in preparation or trial of this action, but only after the individual executes Attachment A;

(6) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(7) Mediators appointed by the Court or jointly selected by the parties; and

(8) Other persons by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of Attorneys' Eyes Only Information. Counsel will retain the original of any executed Attachment A.

7. **Inadvertent Failure to Designate**. Inadvertent failure to designate material as "Confidential" or "Attorneys' Eyes Only" does not preclude a Party from subsequently making such designation. In that case, the material (and any copy of the material) is treated as such only after the material has been designated.

8. **Filing of Confidential Information or Attorneys' Eyes Only Information**. If a party seeks to file a document containing Confidential Information or Attorneys' Eyes Only Information, the party must take appropriate action to ensure the document receives protection from public disclosure, including (a) filing a redacted document with the designating party's consent; (b) filing a redacted document with the designating party's consent and, after obtaining leave of Court, filing the unredacted document under seal; (c) submitting the document for *in camera* review; or (d) seeking leave to file the document under seal by filing a motion. The parties are on notice that mere designation of filings as Confidential Information is unlikely to justify sealing documents. Rather, the party seeking leave to file under seal should explain how maintenance of confidentiality outweighs the public right of access. IDT Corp. v. eBay, 709 F.3d 1220, 1223-24 (8th Cir. 2013).

Further, the Court encourages the parties to consider alternate means to prevent the disclosure of Confidential Information (e.g., redactions).

9. **Challenges to Confidential or Attorneys' Eyes Only Designation**. If a party disagrees with the designation of any information as Confidential Information, such party shall first make its objection known to the producing party and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis, and consistent with the requirements of L.R. 37. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than ten (10) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Until there is a determination by the Court, the information at issue shall be treated as Confidential Information and subject to the terms of this Protective Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other Confidential Information.

10. **Use of Confidential Information or Attorneys' Eyes Only Information at Trial**. Nothing in this Protective Order restricts the right of a Party to use Confidential or Attorneys' Eyes Only information in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures consistent with this Protective Order for the protection of such information from disclosure. The Parties do not waive any right to object at trial to the admissibility of any Confidential or Attorneys' Eyes Only information or the right to file a motion in limine regarding the use of such information. The Parties do not waive the right to seek appropriate protection of Confidential or Attorneys' Eyes Only information, either before or after such information has been initially filed with the Court.

11. **Documents Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a party is served with a subpoena or order issued in other litigation that would compel disclosure of any document designated in this action as Confidential Information or Attorneys' Eyes Only Information, that party must notify (in writing) the designating party immediately, and include a copy of the subpoena or court order with his/her notice.

(b) The receiving party must immediately inform (in writing) the entity that caused the subpoena or order to issue in the other litigation that some or all of the material sought or ordered is the subject of this Protective Order. A copy of this Protective Order must accompany the notice.

(c) The purpose of imposing these duties is to alert the interested entity to this Protective Order and to afford the designating party in this case an opportunity to protect its Confidential Information or Attorneys' Eyes Only Information in the other litigation. The designating party bears the burden and expense of seeking protection in that court, and nothing in this Protective Order should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. These obligations remain in effect while the party has Confidential Information or Attorneys' Eyes Only Information in its possession, custody, or control.

12. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13. **Protections Extended to Third-Party's Confidential Information**. The parties agree to extend the provisions of this Protective Order to Confidential Information and Attorneys' Eyes Only Information produced in this case by third parties, if timely requested by the third party.

14. **Obligations at Conclusion of Litigation**.

(a) **Protective Order Remains in Effect**. This Protective Order remain in force after dismissal or entry of final judgment that is not subject to further appeal.

(b) **Return of Confidential Documents**. Within 60 days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing Confidential Information or Attorneys' Eyes Only Information, including copies, will be destroyed or returned to the producing party unless (1) the document was offered into evidence or filed without restriction as to disclosure; or (2) the document bears notations, summations, or other mental impressions of the receiving party, in which case the receiving party may retain the document and the document remains subject to the restrictions of this Protective Order against further use or disclosure.

(c) **Retention of Work Product**. Notwithstanding the requirements to return or destroy documents, counsel may retain work product, including an index that refers to designated Confidential Information or Attorneys' Eyes Only Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Attorneys' Eyes Only Information. Retained Confidential Information remains protected by this Protective Order. Each attorney will have sole discretion in determining in good faith whether their work product contains verbatim substantial portion of the protected information. An attorney may use their work product in subsequent litigation, provided its use does not disclose Confidential Information or Attorneys' Eyes Only Information.

15. **Modification of Protective Order**. This Protective Order may be modified by the Court *sua sponte*, or on motion from a party or other person with standing.

16. **No Prior Determination**. This Protective Order is entered for the purpose of facilitating discovery and is based upon the parties' agreement. Nothing in this Protective Order is to be construed as a judicial determination that a document designated as Confidential Information or

Attorneys' Eyes Only Information is, in fact, confidential or proprietary, or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

17. **<u>Parties Later Joined</u>**. If additional parties join this lawsuit, they will not be given access to Confidential Information or Attorneys' Eyes Only Information unless they first execute and file with the Court their written agreement to be bound by this Protective Order.

18. **<u>Inadvertent Disclosure of Privileged or Work Product Information</u>**. The parties understand that during discovery and document production a party may inadvertently disclose or produce documents or information that, absent the inadvertent disclosure, would not have been produced based on a claim the documents or information are subject to a claim of privilege or to the work product doctrine. The parties agree that inadvertent disclosure of truly privileged or work product protected documents or information does not waive a party's claim to privilege or protection either specific to the document at issue or its subject matter.

Accordingly, consistent with Federal Rule of Evidence 502, the parties agree that any party who discovers documents or information has been inadvertently disclosed may, as soon as practicable, (a) give notice to the receiving parties of the inadvertent disclosure and (b) explain the basis for the party's belief the documents or information are privileged or subject to the work product doctrine. Upon receiving such notice, the receiving parties will treat the documents or information at issue as privileged or subject to the work product doctrine and will not use them in any manner or for any purpose other than, if applicable, for the purpose of challenging the claim of privilege or work product protection as set forth below. If the receiving party does not challenge the claim of privilege or work product protection, they shall immediately destroy or return the documents or information at issue. The receiving parties may challenge the claim of privilege by (a) requesting a good-faith meet and confer conference with counsel seeking to claw-back the documents and (b) if the parties are not able to come to an agreement about treatment of the documents or information at issue,

requesting confidential *in camera* review by the Court of the documents or information at issue. In the event of a challenge, the receiving parties will continue to treat the documents or information at issue as privileged or subject to work product protection until either (a) the parties agree in writing (including via email correspondence) to treat the documents or information at issue in a specific manner moving forward or (b) the Court issues an Order following a confidential *in camera* review that establishes the status of the documents or information moving forward.

19. **Jurisdiction**. Even after the final disposition of this case, a party or any other person with standing may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Protective Order.

IT IS SO ORDERED.

DATE: <u>May 25, 2023</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

# ATTACHMENT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICK ROMANO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-04043-CV-BCW |
| ) | |
| TORCH ELECTRONICS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

    I have read the Court's Protective Order, which was entered in the above-captioned action on May 25, 2023. I understand the terms of the Protective Order and agree to be bound by its terms. I submit to the jurisdiction of the United States District Court for the Western District of Missouri in matters relating to the Protective Order, and understand the Protective Order requires me to use materials designated as Confidential Information or Attorneys' Eyes Only Information in accordance with the Protective Order, use them solely for the purposes of the above-captioned action, and not to disclose any Confidential Information or Attorneys' Eyes Only Information to any other person or entity. I understand and acknowledge that if I violate this Protective Order, I may be found in and penalized for contempt of court.

PRINTED NAME: _____

ADDRESS: _____

_____

EMAIL: _____

DATE: _____

SIGNATURE: _____