IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICK ROMANO, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 23-04043-CV-BCW |
| TORCH ELECTRONICS, LLC, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS**

As a starting point, Plaintiffs agree with Torch that "[d]amages under [Plaintiffs'] Count III should be limited to those accruing on and after December 2, 2022, three months before this suit was filed." (*See* Response, Doc. #35, p. 13). Accordingly, both Plaintiffs and Defendants agree the Court should enter an Order that, at the very least, grants Defendants' Partial Motion to Dismiss in this respect. As explained below, Plaintiffs' Response also makes clear Plaintiffs' civil RICO claim should, as a matter of law, be dismissed.

Regarding Torch's request to dismiss Plaintiffs' civil RICO claim (Plaintiffs' Count I), Plaintiffs offer no legal justification for keeping this claim alive. Torch pointed out in its moving brief that "Plaintiffs' civil RICO claim is only cognizable if losing money on an allegedly illegal gambling transaction constitutes a direct injury to a tangible business or property interest" and the "many courts that have addressed the issue have held alleged gambling loses amount to, at best, alleged injury to a valuable *intangible* property interest." (Doc. #29, p. 8). In their Response, Plaintiffs agree with Defendants on this point: "Many cases, including the two cases by [Torch], have held that gambling losses cannot *without something more* satisfy Section 196[4](c)'s requirement of an injury to business or property." (Response, Doc. #35, p. 2). While Plaintiffs claim they have pleaded "*something more*," they have not. Plaintiffs, at best, seek recovery of

1

alleged intangible property losses, which are not losses that can be recovered in a civil RICO action.[1] For this independent reason, Plaintiffs' civil RICO claim fails as a matter of law because Plaintiffs cannot demonstrate the existence of a cognizable RICO injury to tangible property.

Secondarily, but maybe more importantly, Plaintiffs' Response makes clear Plaintiffs have not and cannot satisfy the second, completely independent, civil RICO statutory standing element of demonstrating their alleged injury was directly and proximately caused by Torch's alleged racketeering activity. Tellingly, Plaintiffs do not dispute civil RICO claims are subject to an exceedingly high bar at the pleading stage that requires Plaintiffs to demonstrate not just "but for" causation (which is, at best, all Plaintiffs have alleged here) but also direct proximate causation. Plaintiffs do not dispute the court in *every case* Torch cited for this proposition in the context of civil RICO claims by a person or persons seeking to recoup alleged "gambling" losses concluded the plaintiff's independent and voluntary decision to allegedly "gamble" acts as an independent intervening cause that *precludes* a finding of "directness" vis-à-vis civil RICO's unique statutory standing proximate cause requirement. (*See generally* Response, Doc. #35). Plaintiffs further fail to cite a single case from any jurisdiction contradicting the cases Torch cited for this proposition, all of which resulted in dismissal of the underlying civil RICO claims. Consequently, Plaintiffs fail to dispute that if Plaintiffs voluntarily chose to play a Torch device, Plaintiffs have, as a matter of law, failed to satisfy civil RICO's strict direct proximate cause standing requirement and the claim must be dismissed.

---

[1] Plaintiffs claim they pleaded facts suggesting Torch devices are "rigged," but the three paragraphs Plaintiffs point to in the Complaint do not contain such an allegation. As discussed below, Plaintiffs cannot amend their pleading through their opposition. Additionally, further amendments will not save their civil RICO claims because (1) Plaintiffs cannot allege particularized facts of fraudulent or "rigged" games because Torch devices are not "rigged" and (2) Plaintiffs cannot satisfy the separate and independent direct proximate causation element of civil RICO statutory standing, as explained below.

Plaintiffs do not allege Torch (or anyone else) threatened or forced any Plaintiff to play a Torch device. (*See generally* Response, Doc. #35). There are no allegations in the Complaint claiming any Plaintiff was under duress when he or she decided to play a Torch device. (*See generally id.*). In fact, even Plaintiffs' arguments in Response are carefully worded to avoid claiming Plaintiffs' *ultimate* decision to pay money to play a turn on a Torch device was anything other than a voluntary act.

Plaintiffs claim they "did not *voluntarily seek out the opportunity* to gamble . . . but, rather, that the slot machines were thrust upon them unwanted, irresistible like the Sirens of Greek myth." (Response, Doc. #35, p. 6 (emphasis added)). There are several things wrong with this assertion. Focusing on the first half of Plaintiffs' assertion, even if every Plaintiff did choose to play a Torch device only after unintentionally stumbling upon a Torch device,[2] the *ultimate choice* of whether to engage and play a turn on a Torch device represents an entirely voluntary act by each Plaintiff that cuts off direct proximate causation for purposes of civil RICO statutory standing. Regarding the second half of Plaintiffs' assertion, while entertaining, stories of mythical creatures with the power to force sailors to abandon ship and swim to their deaths upon hearing the Sirens' call are as believable in reality as Plaintiffs' excuses. Plaintiffs did not plead facts in their Complaint indicating Torch devices contain some mythical or unknown technology capable of allegedly robbing Plaintiffs of their independence, free will, or reason. At best, Plaintiffs have alleged they

---

[2] This assertion seems questionable considering motive is highly subjective and Plaintiffs seek to represent class members with unknowable subjective motivations of their own. Further, Plaintiffs failed to plead any facts in their Complaint claiming they all found themselves playing a Torch device by sheer happenstance. Again, Plaintiffs cannot amend their pleadings through their Response. Amending the Complaint to include such allegations would have no legal effect regardless because it is immaterial for purposes of assessing civil RICO's direct proximate cause element how any Plaintiff happened to find their way to a Torch device. What matters is whether the ultimate and final act of choosing to play was voluntary – which, for every Plaintiff, it was.

voluntarily chose to play Torch devices. Plaintiffs' voluntary decision to play a Torch device is an intervening and superseding cause that prevents Plaintiffs from satisfying civil RICO's direct proximate cause statutory standing requirement. *See* 18 U.S.C. § 1964(c); *see also Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010); *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012); *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 187-88 (3d Cir. 2000); *Adell v. Macon Cnty. Greyhound Park, Inc.*, 785 F. Supp. 2d 1226, 1229-36 (M.D. Ala. 2011); *Green v. Aztar Corp.*, No. 02 C 3514, 2003 WL 22012205, at *2 (N.D. Ill. Aug. 22, 2003). Plaintiffs' civil RICO claim (Count I) should be dismissed.

**I.     Plaintiffs Agree the Court Should Limit Plaintiffs' Claim Under Count III**

Plaintiffs agree with Torch that "[d]amages under [Plaintiffs'] Count III should be limited to those accruing on and after December 2, 2022, three months before this suit was filed." (*See* Response, Doc. #35, p. 13). Accordingly, the Court should enter an Order that, at the very least, grants Defendants' request to limit Plaintiffs' Count III claims to only those claims that accrued on or after December 2, 2022.

**II.    Plaintiffs' Civil RICO Claim Fails as a Matter of Law Because Plaintiffs Allege Injury to, at Best, Intangible Personal Property**

As Plaintiffs explained in their Response, "[m]any cases, including the two cases by [Torch], have held that gambling losses cannot *without something more* satisfy Section 196[4](c)'s requirement of an injury to business or property." (Response, Doc. #35, p. 2). In their Response, Plaintiffs make no attempt to argue their alleged injury represents an injury to tangible property – because it does not. At best, Plaintiffs allege injury to an intangible property interest, which is insufficient to state civil RICO claim. *Gomez*, 676 F. 3d at 660 ("[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest.") (quoting *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 728 (8th Cir. 2004)) (internal quotations

omitted). In attempt to get around this pitfall, Plaintiffs allege they have pleaded "*something more.*" Specifically, Plaintiffs claim they "allege that [Torch's] games are rigged." (Response, Doc. #35, p. 6). To support this claim, Plaintiffs cite three paragraphs in the Complaint, paragraphs 66, 67, and 68. (*Id.*). But not one of those paragraphs contains allegations Torch devices are "rigged." (*Id.*). In fact, while the word "rigged" appears eleven times in Plaintiffs' Response, the word "rigged" is not used once in Plaintiffs' Complaint. (*See generally* Compl., Doc. #1). "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). Moreover, to survive scrutiny on a motion to dismiss, any claim Torch devices were "rigged" in a fraudulent manner would require Plaintiffs to "state with particularity the circumstances constituting fraud" pursuant to Federal Rule of Civil Procedure 9(b). Plaintiffs' Complaint clearly fails to assert such facts. (*See generally* Compl., Doc. #1). The three paragraphs Plaintiffs cite in the Complaint certainly do not qualify.

Paragraph 66 of the Complaint alleges, "Although Torch's . . . machines look and sound like the legal slot machines found in licensed casinos, Torch's [] machines do not provide payouts like the slot machines in licensed casinos." (Compl., Doc. #1, ¶ 66). Paragraph 67 of the Complaint alleges, in relevant part, "The payout ratio between the cash deposited into Torch's [] machines by consumers and the case paid out to consumers (the "Net Payout %") is drastically lower than the minimum standard for slot machines established by 11 CSR 45-5.190 . . . ." (Compl., Doc. #1, ¶ 67). And paragraph 68 of the Complaint alleges, in relevant part, "The Net Payout % for Torch's [] machines is drastically lower than the actual payout percentages for slot machines operated at licensed casinos in the State of Missouri . . . ." (*Id.* at ¶ 68).

5

The word "rigged" is absent but, giving Plaintiffs the benefit of the doubt with respect to Plaintiffs' intended messaging in paragraphs 66-68 of the Complaint, Plaintiffs appear to claim in a cursory and conclusory fashion that because Torch devices allegedly do not comply with Mo. Code Regs. Ann. Tit. 11, § 45-5.190 with respect to "Net Payout %," Torch devices are potentially "less fair" than regulated slot machines found in Missouri casinos.[3] Torch disputes Plaintiffs' suggestion Torch devices are "slot machines," but the bigger problem for Plaintiffs at this juncture is the fact the Missouri regulation Plaintiffs rely on in paragraphs 66-68 of the Complaint to make their conclusory comparison between "Net Payout %" for regulated slot machines in Missouri casinos and Torch devices, *i.e.*, Mo. Code Regs. Ann. Tit. 11, § 45-5.190, is a regulation promulgated by the Missouri Gaming Commission. The Missouri Gaming Commission's rulemaking authority is legislatively limited to regulating only riverboat casinos and, after June 30, 1994, the game of bingo at bingo halls. *See* RSMo. § 313.004.1 and .4 ("There is hereby created the 'Missouri Gaming Commission" * * * [t]he commission shall perform all duties and have all the powers and responsibilities conferred and imposed upon it relating to excursion gambling boat and, after June 30, 1994, the lawful operation of the game of bingo . . .."). Plaintiffs do not allege the Torch devices at issue were located in a Missouri casino or bingo parlor and, thus, Plaintiffs' citation to Mo. Code Regs. Ann. Tit. 11, § 45-5.190 is a red herring – simply put, Mo. Code Regs. Ann. Tit. 11, § 45-5.190 has no application to Torch devices. Suffice it to say, Plaintiffs cannot claim that Torch devices are "rigged" because they fail to comply with an administrative regulation that does not regulate Torch devices.

---

[3] Again, this is a very generous interpretation of paragraphs 66-68 of the Complaint, one Torch certainly denies as a general matter. But, for purposes of this Motion, the result is the same regardless – as explained below, Mo. Code Regs. Ann. Tit. 11, § 45-5.190 has no application to Torch devices.

6

Plaintiffs allege only, at best, an injury to intangible personal property, which is insufficient as a matter of law to state a civil RICO claim under 18 U.S.C. § 1964(c). And despite their claims to contrary, Plaintiffs have not pleaded (nor can they plead) facts (with particularity or otherwise) demonstrating the Torch devices at issue were allegedly "rigged." Plaintiffs' civil RICO claim, thus, fails and should be dismissed.

### III. Plaintiffs' Civil RICO Claim Fails as a Matter of Law Because Plaintiffs Cannot Satisfy the Direct Proximate Causation Civil RICO Statutory Standing Element

Entirely separate and independent of civil RICO's statutory standing requirement forcing a plaintiff to demonstrate injury to tangible property or a business, the United States Supreme Court has, on multiple occasions, made very clear that to state a civil RICO claim a plaintiff must not only show "but for" causation, the plaintiff must show direct proximate causation between the alleged RICO injury and the alleged RICO racketeering activity. *See Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258 (1992); *Anza v. Ideal Steel Supply*, 547 U.S. 451, 460 (2006); *Hemi*, 559 U.S. at 9.[4] As Plaintiffs acknowledged in their Response, "[i]n many of the cases addressing the applicability of RICO to plaintiffs with gambling losses, the courts note as a factor defeating causation that plaintiffs made a *voluntary choice to gamble* and thus were the cause of their own losses." (Response, Doc. #35, p. 6). As Torch pointed out in its moving brief, this is true. *See Gomez*, 676 F.3d at 660; *Doug Grant*, 232 F.3d at 187-88; *Adell*, 785 F. Supp. 2d at 1229-36; *Green*, 2003 WL 22012205, at *2. In fact, Plaintiffs fail to cite a single case from any court where a plaintiff has attempted to assert a civil RICO claim to recover what he or she alleged

---

[4] *Holmes*, *Anza*, and *Hemi* all originated from a district court's decision at the motion to dismiss stage. In every case, the Court confirmed dismissal is required where the circumstances surrounding the claim fail to clearly show injury proximately caused as a *direct* result of the alleged racketeering activity (and not some other *potential* cause like a plaintiff's voluntary and intervening decision to allegedly play a Torch device).

7

were gambling losses and the court determined the plaintiff *could* satisfy the direct proximate causation element of civil RICO statutory standing.

Plaintiffs' ultimate decision to allegedly play Torch devices was voluntary. Plaintiffs do not allege Torch (or any other Defendant) threatened or forced any Plaintiff to play a Torch device. (*See generally* Response, Doc. #35; *see also generally* Compl., Doc. #1). Tellingly, Plaintiffs' arguments in Response are carefully worded to avoid claiming Plaintiffs' ultimate decision to pay money to play a turn on a Torch device was anything other than a voluntary act. Instead, Plaintiffs claim they "did not *voluntarily seek out the opportunity* to gamble," which is subtle distinction but one with large legal implications. (Response, Doc. #35, p. 6 (emphasis added)).

Plaintiffs claim that Torch devices "were [allegedly] thrust upon them unwanted, irresistible like the Sirens of Greek myth." (Response, Doc. #35, p. 6 (emphasis added)). Plaintiffs' argument essentially boils down to a simple "but for" causation argument, *i.e.*, if Torch devices did not exist, then Plaintiffs could not stumble across them or be tempted to voluntarily choose to play them. Plaintiffs' argument is not novel. In fact, it was expressly considered and correctly rejected by the court in *Adell*, as just one example. It did not matter to the court in *Adell*, for example, the myriad of ways in which any of the 853 plaintiffs in that case might have ended up in front of the electronic bingo machines at issue there. *See generally Adell,* 785 F. Supp. 2d at 1229-36. The court in *Adell* noted, applicable here, that, "[a]t bottom, Plaintiffs merely allege that 'but for' the RICO violations, there would have been no Victoryland and, thus, no electronic bingo machines for Plaintiffs to play." *Id*. at 1243. Rejecting the plaintiffs' argument, the court continued to explain that "[u]nder Plaintiffs' formulation of proximate cause, the result for New York City in [the Supreme Court's] *Hemi* [decision] would have been very different." *Id.* "Here, Plaintiffs, like New York City, cannot show RICO standing simply by alleging that 'the defendant violated

§ 1962, the plaintiff was injured, and the defendant's violation was a 'but for' cause of [the] plaintiff's injury." *Id*. (quoting *Holmes*, 503 U.S. at 265-66). The same is true here. Plaintiffs cannot satisfy the civil RICO direct proximate cause statutory standing element by simply claiming "but for" the existence of Torch devices, Plaintiffs would not have been injured. And Plaintiffs have failed to offer any additional arguments for how they have allegedly satisfied civil RICO's direct proximate cause element. This is not a defect that can be resolved through further amendments to Plaintiffs' Complaint. Plaintiffs' claims and alleged injuries are simply incompatible with a civil RICO claim brought through 18 U.S.C. § 1964(c). "There are no allegations that any Plaintiff was forced to seek out [a location where a Torch device was located] or to spend their money playing the electronic [Torch devices] and press the button that commenced the spinning of the electronic 'wheels.'" *See Adell*, 785 F. Supp. 2d at 1244. "When they [allegedly] lost, they did not concomitantly win a private right of action to bring a federal RICO claim to recover those losses." *Id.* Plaintiffs' civil RICO claim should, for this separate and independent reason, be dismissed as a matter of law and without leave to amend.

Torch presented additional and independent reasons why Plaintiffs' civil RICO claim should be dismissed. For many of the same reasons addressed above, Plaintiffs' Response fails to present cogent reasons for disregarding those additional grounds for dismissal. The Court can and should certainly consider them, but for the sake of brevity Torch will not rehash those arguments again in its Reply. Needless to say, Plaintiffs' failure to satisfy civil RICO's statutory standing elements of (a) alleged injury to tangible property and (b) direct proximate causation are sufficient to doom Plaintiffs' civil RICO (Count I) claim.

## IV. Conclusion

For the reasons set forth above, as well as those set forth in Defendants Torch Electronics, LLC, Steven Miltenberger, and Warrenton Oil Company's Partial Motion to Dismiss and Suggestions in Support, Torch respectfully requests the Court dismiss Count I of the Complaint without leave to amend, enter an order limiting Count III to claims accruing on or after Friday, December 2, 2022, and further grant any additional relief the Court deems just and proper.

Dated: May 26, 2023

Respectfully submitted,

GRAVES GARRETT LLC

By: _/s/ J. Aaron Craig_
Todd P. Graves #41319 (MO)
J. Aaron Craig #62041 (MO)
1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-3181
Fax: (816) 256-5958
tgraves@gravesgarrett.com
acraig@gravesgarrett.com

**Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Warrenton Oil Company**

## CERTIFICATE OF SERVICE

      I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                      */s/ J. Aaron Craig*
                                                     Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Warrenton Oil Company