IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Central Division

| | |
|---|---|
| PATRICK ROMANO, *et al.*, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 2:23-cv-04043-BCW |
| vs. | )<br>) JURY TRIAL DEMANDED |
| TORCH ELECTRONICS, LLC, *et al.* | )<br>)<br>) |
| Defendants. | ) |

## SUGGESTIONS IN SUPPORT OF
## PLAINTIFFS' MOTION FOR RECONSIDERATION

The court dismissed plaintiffs' civil RICO claims (Count I) on the merits. The court then dismissed the remaining state law claims without prejudice, declining to exercise supplemental jurisdiction.

Plaintiffs move that the court reconsider the dismissal of the state law claims because the court has primary jurisdiction over the claims under the broadened diversity jurisdiction established by the Class Action Fairness Act (CAFA), 28 U.S.C.A. § 1332(d).

Because the court has primary and not supplemental jurisdiction over the state law claims, the court should reconsider its dismissal of

plaintiffs' claims for violations of the Missouri Merchandising Practices Act (MPA) and under Section 434.030, RSMo.

## Applicable Law

"[W]here a basis for federal court jurisdiction appears clearly from an examination of the face of the complaint, the court may sustain the suit even if the plaintiff has not relied upon that basis." *Raus v. Bhd. Ry. Carmen of U.S. & Canada*, 663 F.2d 791, 796 (8th Cir. 1981); *see, e.g., In re Pre-Filled Propane Tank Antirust Litig.*, 14-02567-MD-W-GAF, 2019 WL 13235565, at *5 (W.D. Mo. Apr. 15, 2019) ("despite Indirect Purchaser Plaintiffs not pleading jurisdiction based on CAFA (Doc. # 198, ¶ 11), the Court will examine the Complaint in its entirety to determine if jurisdiction clearly exists").

"CAFA grants broad federal jurisdiction over class actions." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class. 28 U.S.C. § 1332(d)." *Id.*

2

## Argument

### A. The Amount in Controversy Exceeds $5 Million

"A court determines the amount in controversy by aggregating the claims of all proposed class members." *Harrington Enterprises, Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013).

Plaintiffs allege there are thousands of Torch devices operated throughout Missouri. *See* Doc. 1 at ¶24. At least $100 is wagered on each machine every day. *Id.* at ¶74(b). The payout rate for each is alleged to be less than 80%. *Id.* at ¶¶67-68.

The Complaint therefore alleges that Torch's devices caused losses to the class members exceeding $7,665,000 annually.[1] Given that plaintiffs' claims (except under Section 434.030) accumulate years of losses, the amount in controversy is greater still.

The pleadings are sufficient to allow the court to conclude that a jury may find that the amount in controversy exceeds $5,000,000. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("when determining the amount in controversy, the question is not whether the

---

[1] A minimal 1,000 machines multiplied by $21 per machine per day (to reflect the 79% net payout alleged) equals $21,000 in losses per day and $7,665,000 in losses per year.

3

damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are" (emphasis in original; internal quotations omitted)).

When one also considers that plaintiffs' claims for violations of the MPA include claims for punitive damages and attorney fees which could push the amount in controversy even higher, it seems impossible that the amount in controversy is not well in excess of $5 million. *See Harrington* 42 F. Supp. 3d at 1199 ("Compensatory damages, punitive damages, and statutory attorney's fees all count towards the amount in controversy").

The amount in controversy exceeds $5 million.

## B.    There is Minimal Diversity Among the Parties

Defendants are Missouri citizens. *See* Doc. 1 at ¶¶9-14. And while the class is likely made up of *mostly* Missouri citizens, minimal diversity is still present because the class definition[2] encompasses citizens of other states as well. Given the proximity of Kansas City, Missouri to Kansas

---

[2] Doc. *1* at ¶86, defining class as: "All natural persons who deposited money into any electronic gaming device owned or operated by Torch Electronics, LLC, in the State of Missouri and not located on the premises of a Missouri licensed casino, on any one or more days on or after March 3, 2018, and who received back following their play an amount of money less than the amount deposited that day."

4

City, Kansas; of St. Louis, Missouri, to East St. Louis, Illinois; of Joplin and St. Joseph to their neighbors in Kansas, and Cape Girardeau to Illinois and even parts of Tennessee, Arkansas, and Kentucky, the class is certain to include at least one non-Missouri citizen.

This is enough for minimal diversity under CAFA. *Accord Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("consideration of a nationwide class was appropriate" where "original complaint did not restrict her class to Missouri plaintiffs"); *Turner v. Corinthian Int'l Parking Services, Inc.*, C 15-03495 SBA, 2015 WL 7768841, at *3 (N.D. Cal. Dec. 3, 2015) ("Here, the pleadings do not expressly allege that non-California citizens are excluded from the class definition. Therefore, based on the record presented, the Court cannot remand the action for the lack of diversity."); *see also Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("CAFA reflects Congress's desire for broad diversity jurisdiction over class actions.")

### C. There Are At Least 100 Members in the Class

The proposed class "includes thousands of individual members." Doc. 1 at ¶87. Thousands of class members exceed the minimum of 100 class members required under CAFA.

5

All of the elements of invoking original federal jurisdiction under CAFA are therefore satisfied.

## Conclusion

The court has original jurisdiction over the state-law claims asserted by plaintiffs on behalf of the class. That is because the complaint alleges that the class has more than 100 members, the amount in controversy exceeds $5 million, and the class as defined satisfies the requirements of minimal diversity.

Consequently, the court has original not supplemental jurisdiction over plaintiffs' claims for violation of the MPA and Section 434.030 and the court did not have the discretion to not exercise its original jurisdiction over the state law claims and the court's dismissal without prejudice of these claims should be set aside and that case returned to active status in this court.

Respectfully submitted,

JACOBSON PRESS P.C.

/s/ Joe D. Jacobson
Joe D. Jacobson #33715
222 South Central Ave., Suite 550
Clayton, Missouri 63105
Tel: (314) 899-9789
Direct: (314) 899-9790
Fax: (314) 899-0282
Jacobson@ArchCityLawyers.com


AMUNDSEN DAVIS LLC

/s/ Christopher O. Miller
Gene J. Brockland #32770
Christopher O. Miller #70251
120 S. Central Ave., Suite 700
Clayton, Missouri 63105
Tel: (314) 719-3700
Fax: (314) 719-3721
gbrockland@amundsendavislaw.com
comiller@amundsendavislaw.com

CERTIFICATE OF SERVICE

The filing attorney certifies that a copy of this document was served on each counsel of record participating in the court's electronic case filing (ECF) system by filing this document through the ECF system on August 28, 2023.