IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| PATRICK ROMANO, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 23-04043-CV-BCW |
| TORCH ELECTRONICS, LLC, et al., | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## DEFENDANTS TORCH ELECTRONIC, LLC, STEVEN MILTENBERGER, AND WARRENTON OIL COMPANY'S JOINT ANSWER AND AFFIRMATIVE DEFENSES

Defendants Torch Electronics, LLC ("Torch"), Steven Miltenberger, and Warrenton Oil Company (collectively, "Defendants") answer Plaintiffs' Complaint as follows:

### PRELIMINARY STATEMENT

Plaintiffs previously asserted a claim for civil RICO under 18 U.S.C. § 1962(c) et seq. (Count I), which was dismissed by the Court on August 21, 2023 (Doc. #76) without leave to amend. The same day, the Court issued a Clerk's Judgment based on the Court's dismissal of Plaintiffs' remaining state law claims on jurisdictional grounds. (Doc. #77). Thereafter, Plaintiffs filed a Motion for Reconsideration, which the Court granted on September 18, 2023 (Doc. #81), with intent to maintain jurisdiction over Plaintiffs' remaining two state law claims (Counts II and III) based on jurisdiction conferred by CAFA given Plaintiffs' pending Motion for Class Certification (fully briefed as of August 7, 2023). Plaintiffs' Count I for civil RICO remains dismissed. (Doc. #81).

It is not always clear which of Plaintiffs' averments are specifically alleged in support of Plaintiffs' dismissed Count I civil RICO claim. In filing their Answer, Defendants deny any and all allegations aimed at or related to Plaintiffs' dismissed Count I civil RICO claim. Defendants obviously agree with the Court's dismissal of Plaintiffs' Count I, and nothing in Defendants'

Answer should be construed or interpreted as somehow limiting that dismissal or waiving any argument Defendants asserted in their prior Motion to Dismiss (and accompanying Suggestions in Support) that claim.

**ANSWER**

1. Denied. Further responding, Defendants deny Torch amusement devices are illegal. Defendants deny Torch amusement devices are "slot machines."

2. Admit.

3. Admit.

4. Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint, and therefore deny the same.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Defendants admit that Torch is a Missouri limited liability company. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit Steven Miltenberger is an individual residing in St. Louis County, Missouri and a Citizen of the State of Missouri. Defendants further admit Steven Miltenberger is Torch's highest-ranking officer overseeing Torch's day to day operations. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit Warrenton Oil Company is a corporation organized and existing under the laws of the State of Missouri with its principal place of business at 2299 South Spoede Lane, Truesdale, MO 63380.

12. Defendants admit Warrenton Oil owns and operates gas stations and convenience stores in the State of Missouri, including stores branded as "Fast Lane." Defendants deny the remaining allegations in Paragraph 12.

13. Paragraph 13 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 of Plaintiffs' Complaint, and therefore deny the same.

14. Paragraph 14 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 14 of Plaintiffs' Complaint, and therefore deny the same.

15. Paragraph 15 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 15 of Plaintiffs' Complaint, and therefore deny the same.

16. Paragraph 16 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 16 of Plaintiffs' Complaint, and therefore deny the same.

17. Paragraph 17 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 17 of Plaintiffs' Complaint, and therefore deny the same.

18. Paragraph 18 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 of Plaintiffs' Complaint, and therefore deny the same.

19. Paragraph 19 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 19 of Plaintiffs' Complaint, and therefore deny the same.

20. Paragraph 20 is not directed at Defendants and, thus, no response is necessary. To the extent the Court deems a response is necessary, Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 20 of Plaintiffs' Complaint, and therefore deny the same.

21. Denied.

22. Denied.

23. Paragraph 23 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent the Court deems a response is required, Defendants deny the allegations in Paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendants admit Steven Miltenberger wrote the letter attached to Plaintiffs' Complaint as Exhibit B. Said letter is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 34.

35. Denied.

36. Defendants admit Torch amusement devices operate using substantially similar software. Defendants deny the remaining allegations in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

5

Case 2:23-cv-04043-BCW   Document 83   Filed 10/02/23   Page 5 of 12

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendants deny anyone, including children, can "place wagers" on Torch amusement devices. Defendants deny all remaining allegations in Paragraph 59.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied. Defendants also note 11 CSR 45-5.190 is a regulation issued by the Missouri Gaming Commission, which has no authority to regulate beyond excursion boats and bingo halls, and has no application to Torch amusement devices which are not located in excursion boats or bingo halls.

68. Denied. Defendants also note 11 CSR 45-5.190 is a regulation issued by the Missouri Gaming Commission, which has no authority to regulate beyond excursion boats and bingo halls, and has no application to Torch amusement devices which are not located in excursion boats or bingo halls.

69. Denied.

70. Denied.

71. Admitted.

72. Denied.

73. Admitted.

74. The allegations in this Paragraph were alleged in support of Plaintiffs' now dismissed Count I for civil RICO. Accordingly, no response is required. To the extent the Court determines a response is required, Defendants deny the allegations in Paragraph 74.

75. The allegations in this Paragraph were alleged in support of Plaintiffs' now dismissed Count I for civil RICO. Accordingly, no response is required. To the extent the Court determines a response is required, Defendants deny the allegations in Paragraph 75.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendants admit Plaintiffs seek to represent a class of Missouri consumers defined consistent with Plaintiffs' proposed class definition in Paragraph 86. For the reasons set forth in Defendants' Suggestions in Opposition to Plaintiffs' Motion for Class Certification, Plaintiffs may not represent a class of Missouri consumers and class treatment is improper here. Defendants deny all remaining allegations in Paragraph 86.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied. It is unclear whether the un-indented paragraph following paragraph 91 was supposed to be a new, separately numbered paragraph, but Defendants deny said paragraph regardless. Defendants deny class certification is proper in the above-captioned case.

92. Defendants deny certification of a class action is warranted or proper under Rule 23(b)(3) of the Federal Rules of Civil Procedure or that common questions of law and fact predominate over questions affecting individual members. Defendants deny a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Defendants deny all remaining allegations in Paragraph 92.

### Count I – Dismissed

93. Defendants incorporate their responses to Plaintiffs' Paragraphs 1-93 as though fully restated here.

94. Plaintiffs' Paragraphs 94 through 129, including the "WHEREFORE" paragraph following Paragraph 129, all related to Plaintiffs' now dismissed civil RICO claim. Accordingly, no response is required. To the extent the Court determines a response is required, Defendants deny Paragraphs 94 through 129, including the "WHEREFORE" paragraph following Paragraph 129.

**Count II – Alleged Violation of the MMPA**

130. Defendants incorporate their responses to Plaintiffs' Paragraphs 1-129 as though fully restated here.

131. Defendants admit RSMo. § 407.020 is a Missouri statute that speaks for itself. Defendants deny all other allegations in Paragraph 131.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

9

Further responding to the "WHEREFORE" paragraph, including all subparts, following Paragraph 144 of the Complaint, Defendants deny all allegations in the "WHEREFORE" paragraph and further deny Plaintiffs are entitled to any relief requested.

### Count III – RSMo. § 434.030
### (As modified by the Court's August 21, 2023 Order (Doc. #76))

145. Defendants incorporate their responses to Plaintiffs' Paragraphs 1-144 as though fully restated here. Further responding, Defendants admit RSMo. § 434.030 is a Missouri statute that speaks for itself. Defendants deny all other allegations in Paragraph 145.

146. Denied.

Further responding to the "WHEREFORE" paragraph, including all subparts, following Paragraph 146 of the Complaint, Defendants deny all allegations in the "WHEREFORE" paragraph and further deny Plaintiffs are entitled to any relief requested. Defendants further note that while Defendants deny Plaintiffs are entitled to any relief under Count III, the Court's August 21, 2023 Order modified and limited Plaintiffs' potential prospective relief.

### DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Defendants deny each allegation in the Complaint that is not specifically admitted herein.

3. Plaintiffs' claims are barred by applicable statutes of limitations.

4. Plaintiffs' claims are barred by principles of estoppel.

5. Plaintiffs' claims are barred by the unclean hands doctrine.

6. Plaintiffs' claims are barred by laches.

7. Plaintiffs' claims are barred due to Plaintiffs' fraud.

8. Plaintiffs' claims are barred by release.

9. Plaintiffs' claims are barred by res judicata.

10. Plaintiffs' claims are barred by Plaintiffs' waiver.

11. Plaintiffs' claims are barred by the voluntary payment doctrine.

12. Plaintiffs' damages, if any, were directly caused or directly contributed to by Plaintiffs' own fault, negligence, or intentional acts.

13. Plaintiffs' damages, if any, were directly caused or directly contributed to by the conduct, fault, actions, inactions, or negligence of third parties other than Defendants.

14. To the extent the acts or omissions of third persons caused or contributed to cause Plaintiffs' alleged damages, if any, Defendants are not liable or are entitled to an allocation of fault with those third persons.

15. Plaintiffs fail to state a claim upon which relief may be granted because no actions of Defendants were the proximate cause of any alleged injury to Plaintiffs.

16. Plaintiffs' claims are barred by the doctrine of in pari delicto.

17. Any award of statutory penalties would violate Defendants' Due Process rights.

18. Defendants incorporate by reference each and every other affirmative defense that may be uncovered or made known during the investigation and discovery of this case.

19. Defendants reserve their right to amend their pleading and affirmative defenses as discovery progresses and new affirmative defenses are discovered.

Dated: October 2, 2023 Respectfully submitted,

GRAVES GARRETT LLC

By: /s/ J. Aaron Craig
Todd P. Graves #41319 (MO)
J. Aaron Craig #62041 (MO)
Chandler E. Carr #68836 (MO)
1100 Main Street, Suite 2700
Kansas City, MO 64105

Phone: (816) 256-3181
Fax: (816) 256-5958
tgraves@gravesgarrett.com
acraig@gravesgarrett.com
ccarr@gravesgarrett.com

**Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Warrenton Oil Company**

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    /s/ J. Aaron Craig
Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Warrenton Oil Company